IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| CHRISTOPHER K. LAMBERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:18-CV-00215 |
| | ) | |
| THE GIFT DEVELOPMENT GROUP, LLC; | ) | |
| TONYA R. TAYLOR, in her capacity | ) | |
| as Manager of THE GIFT | ) | |
| DEVELOPMENT GROUP, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

This case is before the court on motion of Plaintiff Christopher Lambert for an order to show cause why Defendants The Gift Development Group, LLC and Tonya R. Taylor should not be held in contempt of court for failure to comply with the court's Stipulated Order and Judgment approving the settlement agreement entered into by the parties. (Doc. 15.)

**I. BACKGROUND**

Plaintiff, a former employee of Defendants, brought this action for unpaid wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) and the North Carolina Wage and Hour Act, N.C. Gen. Stat. §§ 95-25.1 et seq. (Doc. 1 at 1.) On May 23, 2018, the parties moved jointly for approval of a Settlement Agreement and Release that resolved all pending claims and which provided that Defendants make a lump sum payment of $7,500.00 to Plaintiff

in "full and final settlement of all claims." (Doc. 9 at 4.) On May 25, 2018, the court entered a Stipulated Order and Judgment Approving Settlement Agreement. (Doc. 10.) At the parties' joint request, the court retained jurisdiction over the case for purposes of enforcement of the Settlement Agreement. (Id. at 3.)

On July 23, 2018, Plaintiff moved to enforce the Settlement Agreement and for attorneys' fees, indicating that Defendants had failed to make payment as required by the Settlement Agreement incorporated in the court's Stipulated Order and Judgment. (Docs. 11, 12.) Defendants did not respond to the motion.

Accordingly, on October 3, 2018, the court entered an Order requiring specific performance of the Settlement Agreement incorporated into the court's Stipulated Order and Judgment no later than October 13, 2018. (Doc. 13.) Plaintiff's motion for an award of attorneys' fees was denied without prejudice, pending a showing of bad faith. (Id.)

On October 16, 2018, Plaintiff moved for an order to show cause why Defendants should not be held in contempt. (Doc. 15.) Plaintiff represented that Defendants had failed to comply with the court's October 3, 2018 Order. Thereafter, on October 17, 2018, the Magistrate Judge entered an oral order granting a motion by Defendants' attorney to withdraw for failure to be paid and insufficient communication with Defendants.

2

On November 20, 2018, the court entered an order setting a show cause hearing for December 5, 2018, at 9:30 a.m. in Winston-Salem. (Doc. 17.) The Order commanded Defendants to appear to show cause why they should not be held in contempt of court and why they should not pay pre- and post-judgment interest, civil contempt damages, and attorney fees, as well as the underlying judgment amount. Upon motion of Defendant Tonya R. Taylor (Doc. 19), and over the objection of Plaintiff (Doc. 20), the court reset the show cause hearing to January 2, 2019, at 2:00 p.m. in Winston-Salem, to accommodate Defendant Taylor's stated work schedule. (Doc. 21.) The court warned Taylor that while she could appear pro se on her own behalf, she could not likewise represent co-defendant The Gift Development Group, LLC under Local Rule 11.1(a). (Id.)

On January 2, 2019, at 2:00 p.m., this case was called for hearing. Plaintiff was present with counsel. Neither Defendant appeared, nor did anyone appear on their behalf. The court waited for 20 minutes to allow Defendants an opportunity to appear. At approximately 2:20 p.m., the court proceeded with the hearing. At about that time, the Deputy Clerk received a voicemail from Defendant Taylor. The court recessed to listen to the voicemail. Defendant Taylor stated in sum that she had called the Clerk's Office and was advised she should speak to the court's Deputy

3

Clerk; Taylor requested that the Deputy Clerk return her call. At no time in the voicemail did Defendant Taylor indicate that she was unavailable for the hearing or provide any excuse for not attending.

As the factual recitation demonstrates, Defendants have disregarded their obligations under the Settlement Agreement that they urged the court to approve in the Stipulated Order and Judgment, as well as all subsequent orders of the court to perform their obligations or to appear for hearings.

## II. ANALYSIS

Plaintiff now requests that Defendants be held in contempt, and that civil sanctions be imposed. Plaintiff specifically requests post-judgment interest in the amount of $106.80, attorneys' fees in the amount of $5,725.00, and reimbursement of expenses in the amount of $13.00. These sanctions total $5,844.80, on top of the original $7,500 owed to Plaintiff by Defendants under the Settlement Agreement. At the January 2 hearing, Plaintiff requested that the court do "whatever is in [the court's] power to enforce" its prior orders, including jailing Defendant Taylor until she complies. In support of these requests, Plaintiff argues that the court has inherent power to sanction parties for failing to comply with its orders, and that he has made a sufficient showing that Defendants should be found in contempt.

"[C]ourts have inherent power to enforce compliance with their lawful orders through civil contempt." Shillitani v. United States, 384 U.S. 364, 370 (1966). "A court may impose sanctions for civil contempt 'to coerce obedience to a court order or to compensate the complainant for losses sustained as a result of the contumacy.'" Cromer v. Kraft Foods N. Am., 390 F.3d 812, 821 (4th Cir. 2004) (quoting In re Gen. Motors Corp., 61 F.3d 256, 258 (4th Cir. 1995)).

"To establish civil contempt, each of the following elements must be shown by clear and convincing evidence: (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) . . . that the decree was in the movant's 'favor'; (3) . . . that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive knowledge) of such violations; and (4) . . . that [the] movant suffered harm as a result." Ashcraft v. Conoco, Inc., 218 F.3d 288, 301 (4th Cir. 2000) (omissions and alteration in original) (quoting Colonial Williamsburg Found. v. Kittinger Co., 792 F. Supp. 1397, 1405-06 (E.D. Va. 1992), aff'd, 38 F.3d 133 (4th Cir. 1994)). Once this showing is made, the burden shifts to the alleged contemnor to justify non-compliance. United States v. Rylander, 460 U.S. 752, 757 (1983). "Recognized defenses to civil contempt include: (1) a good-faith attempt to comply with

5

the court's order; (2) substantial compliance; and (3) an inability to comply." U.S. Commodity Futures Trading Comm'n v. Capitalstreet Fin., LLC, 3:09cv387-RJC-DCK, 2010 WL 2131852, at *2 (W.D.N.C. May 25, 2010) (citing Consol. Coal Co. v. United Mine Workers of Am., 683 F.2d 827, 832 (4th Cir. 1982)).

"The appropriate remedy for civil contempt is within the Court's broad discretion 'based on the nature of the harm and the probable effect of alternative sanctions.'" Cree, Inc. v. Bain, No. 1:15-CV-547, 2015 WL 12911462, at *3 (M.D.N.C. July 20, 2015) (quoting Colonial Williamsburg Found., 792 F. Supp. at 1407). The remedy in a civil contempt proceeding must be tailored to either coerce the contemnor into compliance with the court's order and/or compensate the complainant for losses caused by past non-compliance.[1]  Id. (quoting Colonial Williamsburg Found., 792 F. Supp. at 1407). "The Court may order incarceration pending compliance, and there may be financial consequences such as a fine

---

[1] The Fourth Circuit has described the essential difference between civil contempt and criminal contempt as follows:

> When the nature of the relief and the purpose for which the contempt sanction is imposed is remedial and intended to coerce the contemnor into compliance with court orders or to compensate the complainant for losses sustained, the contempt is civil; if, on the other hand, the relief seeks to vindicate the authority of the court by punishing the contemnor and deterring future litigants' misconduct, the contempt is criminal.

Buffington v. Baltimore Cty., 913 F.2d 113, 133 (4th Cir. 1990).

6

and attorneys' fees." Id. The court need not hold an evidentiary hearing before granting a civil contempt motion. Id. However, if the alleged contemnor fails to appear for the hearing, the court may issue an order for her arrest to coerce an appearance or may rule on the motion in her absence, and — if the motion for contempt is granted and incarceration is ordered — issue an order for her arrest until or unless she complies with the order. Id.

In the present case, the court has previously concluded (and here again reiterates) that clear and convincing evidence demonstrates that plaintiff has set forth a prima facia showing for entitlement to relief under the general civil contempt standard. In other words, there is a valid Stipulated Order and Judgment adopting the Settlement Agreement that Defendants voluntarily entered into and indeed solicited the court's approval of; the Stipulated Order and Judgment is in favor of Plaintiff; neither Defendant has made any payment under the Stipulated Order and Judgment, and the time for doing so has passed; and Plaintiff has suffered harm insofar as he has not been paid. On this record, because neither Defendant has appeared or provided any reason for noncompliance with the Stipulated Order and Judgment, there is no evidence of a justification for non-payment. Defendant Taylor has demonstrated an indifference to her obligations and appears to have willfully disregarded orders of this court. She has failed

7

to take seriously her obligations under the Settlement Agreement and the Stipulated Order and Judgment. Neither Plaintiff, nor the court, need tolerate such disrespect for the integrity of the judicial process.

Nevertheless, the court's independent research shows that there remains some question whether a finding of contempt (with sanctions) is appropriate at this stage. Monetary judgments are normally "enforced by a writ of execution, unless the court directs otherwise." Fed. R. Civ. P. 69(a)(1). Although the Fourth Circuit has not ruled on the propriety of contempt proceedings as a mechanism for enforcing monetary judgments,[2] many courts have found that "[t]he 'otherwise' clause [in Federal Rule of Civil Procedure 69(a)(1)] is narrowly construed" and "does not authorize enforcement of a civil money judgment by methods other than a writ

---

[2] In Clark v. Allen, Nos. 95-2487, 96-1116, 96-1276, 1998 WL 110160 (4th Cir. Mar. 13, 1998) (unpublished table decision), the Fourth Circuit approved a district court's use of orders requiring that Defendants "turn over property in their possession" to satisfy a prior monetary judgment. Id. at *7. Unpublished decisions of the Fourth Circuit "have no precedential value, and they are entitled only to the weight they generate by the persuasiveness of their reasoning." Collins v. Pond Creek Mining Co., 468 F.3d 213, 219 (4th Cir. 2006) (internal quotation marks omitted). The Fourth Circuit in Allen based its decision on the fact that the district court's orders "substantially complied" with normal "execution procedures" in the state in which the district court sat. Allen, 1998 WL 110160, at *7; see also Fed. R. Civ. P. 69(a)(1) ("The procedure on execution . . . must accord with the procedure of the state where the court is located . . . ."). Furthermore, the district court orders underlying Allen were not issued pursuant to contempt proceedings. See Clark v. Wilbur, 913 F. Supp. 463, 464–65 (S.D.W. Va. 1996). Finally, the district court made an express finding that "execution is inadequate to enforce the judgment under the circumstances of this case." Id. at 466 n.4.

8

of execution" — such as "by resort to the contempt power" — unless the movant shows "extraordinary circumstances which warrant departure from the general rule." Aetna Cas. & Sur. Co. v. Markarian, 114 F.3d 346, 349 & n.4 (1st Cir. 1997); accord Combs v. Ryan's Coal Co., Inc., 785 F.2d 970, 980 (11th Cir. 1986) ("[W]hen a party fails to satisfy a court-imposed money judgment the appropriate remedy is a writ of execution, not a finding of contempt."); Shuffler v. Heritage Bank, 720 F.2d 1141, 1148 (9th Cir. 1983) (finding that, although Rule 69(a)(1) "seemingly leaves open the possibility of securing payment of a money judgment through the imposition of a contempt sanction," such contempt sanctions are not appropriate absent "exceptional circumstances"); Newport News Holdings Corp. v. Virtual City Vision, Inc., No. 4:08cv19, 2010 WL 11566420, at *2 (E.D. Va. May 28, 2010). Examples of the "extraordinary circumstances" courts have found sufficient to make contempt sanctions appropriate in the monetary judgment context include "where the judgment is against a state, which refuses to appropriate funds through the normal process provided by state law," Spain v. Mountanos, 690 F.2d 742, 745 (9th Cir. 1982) or where contempt sanctions are necessary "to enforce the public policies embodied in [a] statutory scheme," Markarian, 114 F.3d at 349 n.4 — essentially, circumstances in which a writ of execution would be somehow "inadequate," Clark v. Wilbur, 913

9

F. Supp. 463, 466 n.4 (S.D.W. Va. 1996), aff'd sub nom. Clark v. Allen, Nos. 95-2487, 96-1116, 96-1276, 1998 WL 110160 (4th Cir. Mar. 13, 1998) (unpublished table decision).[3]

When questioned by the court at the show cause hearing, Plaintiff's counsel represented that they "ha[d] not tried to execute on the judgment yet, but that is something that we can and intend to do." Although Plaintiff's briefing catalogues the myriad opportunities he has given Defendants to make the required payment under the Settlement Agreement, as well as Defendants' repeated evasion of their responsibility to pay, Plaintiff has not shown why resort to a writ of execution would be inadequate in this case. As a result, the court will refrain from making a contempt finding or impose sanctions, and will instead schedule an additional hearing for the consideration of whether "exceptional circumstances" exist in this case to enforce the monetary judgment via a contempt order. If the court finds such exceptional circumstances, Plaintiff need make no further showing, as the court already found at the show cause hearing that the prima facie elements of contempt have been shown. Instead, the burden will be

---

[3] In general, "difficulties in enforcing the judgment due to the location of the assets and the uncooperativeness of the judgment debtor are not the types of extraordinary circumstances which warrant departure from the general rule that money judgments are enforced by means of writs of execution rather than by resort to the contempt power of the courts." Markarian, 114 F.3d at 349 n.4.

on Defendants to make out a defense to contempt. See Capitalstreet Fin., LLC, 2010 WL 2131852, at *2 ("Recognized defenses to civil contempt include: (1) a good-faith attempt to comply with the court's order; (2) substantial compliance; and (3) an inability to comply."). If the court makes a contempt finding, the court will consider any sanction calculated to "coerce the contemnor into compliance with court orders or to compensate the complainant for losses sustained," Buffington v. Baltimore Cty., 913 F.2d 113, 133 (4th Cir. 1990), including post-judgment interest, attorneys' fees,[4] and an order that Defendant Taylor be taken into custody until she complies with the court's Stipulated Order and Judgment.

Because incarceration is a possible civil contempt sanction, and because the court will consider the propriety of this sanction

---

[4] "[A] court may assess attorneys' fees as part of the fine to be levied on the contemnor for the 'willful disobedience' of a court order." Omega World Travel, Inc. v. Omega Travel and Shipping Agencies, Inc., Nos. 89-3268, 890-3282, 1990 WL 74305, at *4 (4th Cir. May 10, 1990) (unpublished table decision) (quoting Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 258 (1975) and Fleischmann Distilling Corp. v. Maier Brewing Co., 386 U.S. 714, 718 (1967)). "[I]n order to satisfy the 'willful disobedience' standard," the contemnor's conduct "must rise to the level of obstinacy, obduracy or recalcitrance . . . ." Id. Mere "[n]eglect and carelessness are insufficient to demonstrate obstinance and recalcitrance." Summerville v. Local 77, No. 1:06cv00719, 2008 WL 3983118, at *6 (M.D.N.C. Aug. 26, 2008) (internal quotation marks omitted). Thus, although willfulness is not an element of civil contempt, United States v. Westbrooks, 780 F.3d 593, 596 n.3 (4th Cir. 2015), Plaintiff must show willfulness to recover attorneys' fees, and therefore should be prepared to address willfulness at the hearing. Furthermore, as the court noted in a prior order (Doc. 13 at 3), the Settlement Agreement contains a provision releasing Defendants from any claims for attorneys' fees (Doc. 9-1 at 3). Plaintiff should be prepared to address the effect, if any, of this provision on his request for attorneys' fees.

at the upcoming hearing, the court strongly suggests that Defendants — especially Defendant Taylor — retain legal counsel. As in all civil proceedings, Defendants have the right to hire an attorney to represent them in connection with these proceedings. Insofar as the court is considering the possibility of incarceration to enforce compliance, and while there is no right to a court-appointed counsel generally in a civil case, Defendant Taylor may have a right to appointed counsel for the limited purpose of defending the show cause order to the extent of the possible incarceration remedy. See Turner v. Rogers, 564 U.S. 431 (2011). If Defendant Taylor contends that she is indigent and otherwise entitled to court appointed counsel for this limited purpose, then she shall complete the attached affidavit in full, sign it under oath in front of a notary public, and file it with the Clerk of Court no later than January 28, 2019, at 5:00 p.m.

## III. CONCLUSION

For all these reasons, therefore,

IT IS ORDERED that the parties shall appear before the court on February 28, 2019, at 2:00 p.m. in Courtroom #2, 251 North Main Street, Winston-Salem, North Carolina. The issues the court will consider at this hearing are as follows:

1. Whether Plaintiff has demonstrated that in this case a contempt finding — as opposed to a writ of execution — is the appropriate remedy for Defendants' noncompliance.

2. If a contempt finding is appropriate, whether Defendants can show cause that they should not be held in contempt.

3. If Defendants cannot show cause, what sanctions the court should impose to compensate Plaintiff for losses sustained due to Defendants' noncompliance and/or coerce Defendants into complying, including whether Defendant Taylor should be held in custody pending compliance. This issue also includes whether Defendants' conduct rises to the level of "willful disobedience" sufficient to make an award of attorneys' fees appropriate, as well as whether the Settlement Agreement bars an award of attorneys' fees.

<u>Defendants are warned that failure to appear may result the issuance of an order for their arrest.</u>

IT IS FURTHER ORDERED that a copy of this Order shall be served on each Defendant at the addresses listed in CM/ECF. If personal delivery cannot immediately be accomplished, Plaintiff shall affix a copy of this Order to the front door of the residence of Tonya Taylor, 27 Meadows Edge Drive, Chapel Hill, N.C. 27516, and shall promptly file an affidavit of service.

IT IS FURTHER ORDERED that the court will consider requests by Defendants for court appointed counsel in connection with the show cause hearing if they file with the Clerk of Court a completed sworn and notarized affidavit in the form attached hereto no later than January 28, 2019, at 5:00 p.m.

                                                         /s/   Thomas D. Schroeder
                                                     United States District Judge

January 11, 2019

| CJA 23 | **FINANCIAL AFFIDAVIT** |
|---|---|
| (Rev. 11/11) | IN SUPPORT OF REQUEST FOR ATTORNEY, EXPERT, OR OTHER SERVICES WITHOUT PAYMENT OF FEE |

**IN THE UNITED STATES** ☐ DISTRICT COURT ☐ COURT OF APPEALS ☐ OTHER *(Specify below)*

IN THE CASE OF

_____ v. _____

FOR _____

AT _____

LOCATION NUMBER

_____

PERSON REPRESENTED *(Show your full name)*

1 ☐ Defendant - Adult
2 ☐ Defendant - Juvenile
3 ☐ Appellant
4 ☐ Probation Violator
5 ☐ Supervised Release Violator
5 ☐ Habeas Petitioner
7 ☐ 2255 Petitioner
8 ☐ Material Witness
9 ☐ Other *(Specify)* _____

DOCKET NUMBERS
Magistrate Judge _____
District Court _____
Court of Appeals _____

CHARGE/OFFENSE *(describe if applicable & check box →)* ☐ Felony ☐ Misdemeanor

### ANSWERS TO QUESTIONS REGARDING ABILITY TO PAY

**INCOME & ASSETS**

**EMPLOY-MENT**
Are you now employed? ☐ Yes ☐ No ☐ Self-Employed
Name and address of employer: _____
**IF YES**, how much do you earn per month? $ _____
**IF NO**, give month and year of last employment? _____
How much did you earn per month? $ _____
If married, is your spouse employed? ☐ Yes ☐ No
**IF YES,** how much does your spouse earn per month? $ _____
If you are a minor under age 21, what is the approximate monthly income of your parent(s) or guardian(s)? $ _____

**OTHER INCOME**
Have you received within the past 12 months any income from a business, profession or other form of self-employment, or in the form of rent payments, interest, dividends, retirement or annuity payments, or other sources? ☐ Yes ☐ No
**IF YES,** give the amount received and identify the sources

| | RECEIVED | SOURCES |
|---|---|---|
| | $ _____ | _____ |
| | $ _____ | _____ |
| | $ _____ | _____ |

**CASH** Do you have any cash on hand or money in savings or checking accounts? ☐ Yes ☐ No **IF YES,** total amount? $ _____

**PROP-ERTY**
Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)? ☐ Yes ☐ No

| | VALUE | DESCRIPTION |
|---|---|---|
| **IF YES,** give value and description for each | $ _____ | _____ |
| | $ _____ | _____ |
| | $ _____ | _____ |
| | $ _____ | _____ |

**OBLIGATIONS & DEBTS**

**DEPENDENTS**

MARITAL STATUS
___ Single
___ Married
___ Widowed
___ Separated or Divorced
Total No. of Dependents _____

List persons you actually support and your relationship to them
_____
_____
_____

**DEBTS & MONTHLY BILLS**
*(Rent, utilities, loans, charge accounts, etc.)*

| DESCRIPTION | TOTAL DEBT | MONTHLY PAYMENT |
|---|---|---|
| _____ | $ _____ | $ _____ |
| _____ | $ _____ | $ _____ |
| _____ | $ _____ | $ _____ |
| _____ | $ _____ | $ _____ |

I certify under penalty of perjury that the foregoing is true and correct.

_____  _____
SIGNATURE OF DEFENDANT           Date
*(OR PERSON REPRESENTED)*

**Print**   **Save As...**   **Reset**